UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE | ) |
| | ) Case No. 13-40786-CAN |
| **Curtis Green** | ) |
| **Terry Annette Green,** | ) |
| | ) |
| **Debtors.** | ) |
| _____ | ) |

### Memorandum Opinion Denying Motion of 1st MidAmerica Credit Union For Confirmation That the Automatic Stay Is Terminated

This matter comes before the Court on the Motion, filed April 19, 2013, of the 1st MidAmerica Credit Union (the "Credit Union"), for Confirmation that the automatic stay is terminated. For the reasons set forth below, the Court denies the Motion without prejudice.

The Credit Union alleges in its Motion, and the Court so finds, that the Debtors filed a voluntary petition for Chapter 7 relief on March 11, 2013, and, at the time of the filing, owed the Credit Union at least $20,232.23 secured by a 2011 Kia Sorento. The Debtors' statement of intention ("SOI"), filed with the petition, states that the Debtors, with respect to the Credit Union and the Kia Sorento, will "retain and pay." The 341 meeting of creditors was held on April 11, 2013; the Chapter 7 Trustee has filed his report of no distribution. The Court takes judicial notice of the fact that the docket sheet does not reflect that any party has filed a reaffirmation agreement with respect to the Kia Sorrento or a motion to redeem.

The Credit Union seeks what is known as a "comfort order" pursuant to 11 U.S.C. § 362(j), asserting that the stay has terminated for the Debtors' alleged failure under § 521(a)(2) to either file a proper SOI and/or to perform their SOI (by reaffirming or redeeming). Although the Debtors may have failed in their duties under § 521(a)(2) to specify their intent to reaffirm or redeem the property they intend to retain, such is not a failure that entitles the Credit Union to a

comfort order under 11 U.S.C. § 362(j). Rather, that subsection, by its plain language, is reserved for termination of stay issues arising under § 362(c) -- or, stay terminations that might arise by reason of the dismissal of a bankruptcy filing or filings in the previous year.

In this case, the Credit Union has not alleged that Debtors had a bankruptcy case (or cases) dismissed in the year before the current filing under § 362(c). Under the circumstances, the Credit Union is not entitled to a comfort order that the stay terminated with respect to the Kia Sorento for the alleged failure to file a proper SOI.

IT IS SO ORDERED.

Dated:  April 24, 2013

/s/ Cynthia A Norton
Bankruptcy Judge

Attorney for movant to serve